IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEVIN NEAL GLASPIE, ID # 07056362, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:07-CV-2011-L (BH) |
| ) | ECF |
| LUPE VALDEZ, et al., ) | Referred to U.S. Magistrate Judge |
|     Defendants. ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

Plaintiff is an inmate in the Dallas County Jail. On November 30, 2007, the Court received the instant civil action and a request to proceed *in forma pauperis* from plaintiff. The Court found that the request to proceed *in forma pauperis* should be denied based on the three-strikes provision of 28 U.S.C. § 1915(g). (*See* Order of Feb. 14, 2008, at 1-2.) However, the Court deemed it appropriate to grant plaintiff thirty days to pay the full filing fee of $350.00 to the Clerk of the Court before formally denying *in forma pauperis*. (*Id.*) The Court also admonished him that failure to pay the filing fee within the time allotted would subject this action "to dismissal as barred by the three-strikes provision and for failure to comply with a court order under Fed. R. Civ. P. 41(b)." (*Id.*)

On February 20, 2008, the Court received plaintiff's response to the Order of February 14, 2008. He therein argues that he was not involved in the three actions that the Court has counted as strikes and that the instant action is not frivolous. On February 29, 2008, the Court received a second application to proceed *in forma pauperis*.

## II.  THREE STRIKES

Because plaintiff is a prisoner, this action is subject to review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915.  One of the major changes promulgated by the PLRA is the "three-strikes" provision set forth in § 1915(g).  That provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In short, inmates may not proceed without the prepayment of fees, if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury.

A review of relevant court records indicates that plaintiff's current filing falls under the PLRA "three-strikes" provision.  On at least three prior occasions, plaintiff has had a prisoner civil action or appeal dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  *See Glaspie v. Osina*, No. 4:95-CV-0093 (S.D. Tex. Nov. 16, 1995) (order dismissing action as frivolous pursuant to 28 U.S.C. § 1915); *Glaspie v. Sanders*, No. 95-10482 (5th Cir. Oct. 18, 1995) (appeal dismissed as frivolous); *Glaspie v. Nance*, No. 4:95-CV-1003 (S.D. Tex. Oct. 4, 1995) (order dismissing action as frivolous pursuant to § 1915).

Although plaintiff asserts that he was not involved in the three identified actions, such assertion is demonstrably false.  In the complaint filed in this action, plaintiff specifically indicates that he has had two prior prisoner identification numbers:  530869 and 585291.  (*See* Compl. at 4.)

2

The docket sheets for the two identified district court cases reveal that the Kevin Neal Glaspie who filed the two cases in the Southern District of Texas had a prisoner identification number 585291. In addition, the docket sheet for the district court case (Cause No. 2:94-CV-171) that led to appellate order of dismissal likewise reveals that the Kevin Neal Glaspie who filed the district court case and the appeal therefrom also had the prisoner identification number 585291.[1] The Court concludes that the "Kevin Neal Glaspie" in the three identified cases is the same individual who filed the instant civil action in this Court.

Due to these three "strikes" plaintiff may not proceed with his current action without the prepayment of fees under 28 U.S.C. § 1915(g) unless it appears that he is subject to imminent danger of serious physical injury. Plaintiff suggests that the Court should not apply the bar posed by § 1915(g) to this action because this action is not frivolous and because he is indigent. The instant action's merit or lack thereof has no bearing, however, on the applicability of the three strikes bar. Additionally, that plaintiff may not have sufficient funds to proceed with this action provides no reason not to apply the three-strikes bar. *See Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 464-65 (5th Cir. 1998). "Congress enacted PLRA with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file suits." *Id.* at 464 (quoting *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997)). "The only exception to payment of the filing fee when th[e] circumstances [set forth in § 1915(g)] are met is if the prisoner is under 'imminent danger of serious physical injury.'" *Welch v. Galie*, 207 F.3d 130, 132 (2d Cir. 2000), *accord Quick v. Anderson*, No. 3:06-CV-2096-G, 2006 WL 3626968, at *1 (N.D. Tex. Dec. 13, 2006) (accepting

---

[1] The docket sheet also reveals that the district court dismissed the civil action as frivolous. It thus appears that plaintiff has at least four strikes.

recommendation of magistrate judge which had noted that imminent danger was the "only exception" to the applicability of § 1915(g)); *Ruston v. Dallas County Sheriff's Dep't*, No. 3:04-CV-1462-D, 2005 WL 17672, at *2 (N.D. Tex. Jan. 3, 2005) (recommendation noting that imminent danger was the "only exception" to the applicability of § 1915(g)), *adopted by* 2005 WL 264286 (N.D. Tex. Feb. 1, 2005).

Plaintiff has made no allegation that he is in any imminent danger. His complaint alleges an October 11 and 12, 2007 deprivation of cleaning supplies; an October 12, 2007 assault by jail personnel; and subsequent denials of adequate pain medication. (*See* Statement of Facts at 1-14, attached to Compl.) His alleged facts do not show that he is in imminent danger of any serious physical injury. Consequently, he has not escaped the applicability of § 1915(g) and must prepay the requisite filing fee before this case can proceed.

### III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff has failed to comply with the Order of February 14, 2008, that he pay the filing fee within thirty days. Despite his response to that order, he has presented no legitimate basis for not applying the three strikes provision to bar him from pursuing this action *in forma pauperis*. Accordingly, the Court should dismiss his complaint without prejudice for failure to follow an order of the Court.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the Court deny plaintiff's requests to proceed *in forma pauperis* and dismiss his complaint without prejudice for failure to comply with an order of the Court pursuant to Fed. R. Civ. P. 41(b) unless he provides a legitimate basis for not applying the bar in this case or otherwise shows that he should be permitted to proceed with this action without payment of the filing fee. The Court should also specifically admonish him that making false statements to a court may subject him to sanctions, including a monetary sanction made payable to the Court or a prohibition on filing any civil action without judicial preapproval.

SIGNED this 26th day of March, 2008.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5